# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

TERRELL KEITH GLASS
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 11-20269-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant comes before the court on the government's petition alleging that he has violated several of his conditions of supervised release.

Mr. Glass has been an absconder from supervision since September 7, 2010. He has failed to report in person and has failed to file monthly written reports since August 24, 2009. This factor alone makes him a risk of flight, in the opinion of the court. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| February 4, 2011 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

USA V TERRELL KEITH GLASS, 08-20269-1               PAGE 2

In addition, he allegedly has failed to keep his supervising officer apprised of his employment status, and gave his home address as his work address. When she attempted to verify his employment, she found out that she had arrived at his residence, and not the address of any employer. Defendant has not reported to work since September 30, 2010.

Additionally the Defendant missed several sessions of Substance Abuse treatment. When he complained to his supervising officer that the facility on the East Side was too far from his home she made arrangements for him to attend sessions at a west side facility. He still failed to attend the scheduled sessions, and stalled on his random urine specimens. Defendant claims that he was put in a dilemma of having to choose between going to work and reporting, and he chose to go to work. Defendant failed to consider that he could have kept his supervising officer in the loop and by doing so his dilemma would have been accommodated and alleviated.

Although Defendant attempted to clear all four pending warrants, it appears that three have been cleared to date and possibly is yet to be resolved. It is plausible that the unresolved warrant has in fact been dismissed, but the paperwork has not caught up with the Lien system.

Nevertheless, although Defendant denies his involvement, the DPD was called to respond to an Assault and Batter call on April 12, 2010. It was reported that the Defendant assaulted his wheelchair bound cousin, put both his hands around his cousin's neck, choked him, and then slammed his cousin's head against a wall. The cousin was then transported to St. John Hospital where he was admitted and listed in serious condition.

Defendant has not kept his supervising officer apprised of his current residential address since his girlfriend kicked him out of the Hubbell address (the address he reported as his employment address). To this date his whereabouts have been unknown as of September 7, 2010.

For all the reasons above, Defendant has proven himself to be a risk of flight and there is no condition or combination of conditions that would assure his appearance in this Court. Because of the allegations of his assaultive and violent behavior regarding his cousin, he is also deemed to be a danger to the community. His hearing on the petition is scheduled before Judge Steeh on February 8, 2010 at 10:00 a.m. Detention is Ordered.